UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-23661-COOKE/BANDSTRA

ATLANTIC HOSPITALITY OF FLORIDA
LLC,

    *Plaintiff*,

v.

GENERAL STAR INDEMNITY COMPANY,

    *Defendant*.

_____/

### ORDER REMANDING CASE TO STATE COURT

This matter is before me on Plaintiff's Motion to Remand [D.E. 11], Defendant's Response in Opposition [D.E. 12] and Plaintiff's Reply thereto [D.E. 16]. I am remanding the case.

### I. BACKGROUND

Plaintiff Atlantic Hospitality of Florida LLC ("Atlantic") filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida in and for Miami-Dade County, Florida on May 15, 2009. [D.E. 1, Ex. A]. The three count complaint alleges claims for Breach of Contract (Count I), a Declaratory Judgment Action pursuant to Florida Statute Sec. 86.011 (Count II), and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III). Defendant General Star Indemnity Company ("General Star") was served with the Complaint on July 27, 2009. On December 8, 2009, General Star filed its Notice of Removal, based on diversity jurisdiction.[1] [D.E. 1]. Plaintiff filed a Motion to Remand on January 6, 2010.

---

[1]The Notice of Removal also states that "this Court has original jurisdiction under 28 U.S. C. § 1331..." A review of the Complaint, however, establishes that this Court does not have

## II.  LEGAL STANDARD

Defendants must follow the procedure in 28 U.S.C. § 1446 to remove an action from state court to federal district court.  A notice of removal of a civil action must be filed within thirty days after the defendant receives a copy of the initial pleading.  28 U.S.C. § 1446(b).  When the case stated by the initial pleading is not removable, however, a notice of removal may be filed within thirty days after the defendant receives a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  *Id.*  Among the jurisdictional requirements that must be met prior to removing a case to federal court is that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and that the action be between "citizens of different States."  28 U.S.C. § 1332(a).

As a court of limited jurisdiction, a federal court has an obligation to conduct an independent examination as to whether it has jurisdiction before reaching the merits of any claim. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly, and all doubts about jurisdiction should be resolved in favor of remand to state court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III.  ANALYSIS

Plaintiff seeks to remand the case back to state court because the removal was allegedly untimely, and/or because Defendant waived its entitlement to remove this action by litigating the state court action. I will not address Plaintiff's claims because I find that there is an open issue as to whether this Court has subject matter jurisdiction.

---

original jurisdiction because no federal question is presented.

A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Id.* at 1021-22. A limited liability company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. *Id.* The Defendant's Notice of Removal only alleges that "Plaintiff is a Florida company and a citizen of the state of Florida," while General Star is a Connecticut company. Neither the Notice of Removal nor the Complaint lists the citizenship of the members of Atlantic.[2] Consequently, Defendant has not established whether complete diversity exists, and the Notice of Removal fails to satisfy the prerequisites of subject matter jurisdiction.

### IV.  CONCLUSION

1.  Plaintiff's Motion to Remand [D.E. 11] is **GRANTED**.

2.  This matter is **REMANDED** back to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3.  The clerk shall **CLOSE** this matter.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 30th day of June 2010.

_____
MARCIA G. COOKE
United States District Judge

---

[2] The Complaint simply states that "[a]t all material times, plaintiff Atlantic was a Florida limited liability authorized to do business in Miami-Dade County."

cc:

*The Honorable Ted E. Bandstra*
*All counsel of record*