UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-23661-CIV-COOKE/BANDSTRA

ATLANTIC HOSPITALITY OF FLORIDA, LLC,

    Plaintiff
vs.

GENERAL STAR INDEMNITY COMPANY,

    Defendant.
_____/

## ORDER DENYING DEFEDANT'S MOTION FOR RECONSIDERATION

THIS MATTER is before me on Defendant's Motion for Reconsideration (ECF No. 65), Plaintiff's Response in Opposition (ECF No. 66), and Defendant's Reply thereto (ECF No. 67). Having reviewed the Motion, and being otherwise advised in the premises, I hereby deny the Defendant's Motion for Reconsideration.

### *I. BACKGROUND*

This dispute originates from the breach of an insurance contract. Plaintiff, Atlantic Hospitality of Florida, LLC ("Atlantic"), filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida in and for Miami-Dade County, Florida on May 15, 2009. (ECF No. 1, Ex. A). The Complaint alleged claims for breach of contract (Count I), a declaratory judgment action pursuant to Florida Statute Sec. 86.011 (Count II), and breach of the implied covenant of good faith and fair dealing (Count III). (*Id.*). Specifically, Atlantic claimed that Defendant, General Star Indemnity Company ("General Star") failed to indemnify Atlantic for certain damages incurred from a hurricane in 2004. (*Id.*). On December 8, 2009, General

Star filed its Notice of Removal, based on diversity jurisdiction.[1] (ECF No. 1). Atlantic filed a Motion to Remand on January 6, 2010, in which it challenged removal as being untimely and that General Star had waived its right of removal by extensively litigating the action in state court. (ECF No. 11).

On June 30, 2010, I granted Atlantic's Motion to Remand based on lack of subject matter jurisdiction because General Star was unable to establish complete diversity of citizenship. (ECF No. 62). The members of the limited liability company necessary to determine Atlantic's citizenship were not listed in either the Complaint or General Star's Notice of Removal. General Star subsequently filed a Motion for Reconsideration on July 9, 2010. (ECF No. 65).

## II. LEGAL STANDARD

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A Rule 59(e) motion cannot be used to re-litigate matters that already have been considered. *Arthur,* 500 F.3d at 1343. A Rule 59(e) motion must demonstrate why reconsideration is proper and must "set forth facts or law of a strongly convincing nature to induce" the court to reverse its prior decision. *Slomcenski v. Citibank, N.A.,* 432 F.3d 1271, 1276 (11th Cir. 2005).

## III. ANALYSIS

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Where a district court's remand order is based on subject matter jurisdiction as contemplated by § 1447(c), it is unquestioned that "§ 1447(d) not only forecloses appellate review, but also bars reconsideration . . . by the district

---

[1] The Notice of Removal also stated that "this Court has original jurisdiction under 28 U.S.C. § 1331 ..." A review of the Complaint, however, establishes that this Court does not have original jurisdiction because no federal question is presented.

2

court." *Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 330 (11th Cir. 1992). The Eleventh Circuit has held that "a remand order is reviewable if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction; or (2) a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure." *In re Bethesda Mem'l Hosp., Inc.,* 123 F.3d 1407, 1409 (11th Cir. 1997). In order for these exceptions to apply, "the district court must wait for a party's motion before remanding a case based on (a) procedural defect." *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.,* 254 F.3d 1317, 1321 (11th Cir. 2001)(citations omitted).

The Remand Order was openly based on this Court's lack of subject matter jurisdiction. Due to the lack of subject matter jurisdiction, I did not fully address Atlantic's arguments in favor of remand. General Star argues that it should have been given an opportunity to amend the Notice of Removal so as to establish complete diversity of citizenship between the parties.[2] Notwithstanding the general bar to reconsideration of a removal order, and in light of the pending question as to General Star's right to amend the Notice of Removal, I will now fully address why remand is proper.

*Untimely Notice of Removal*

A case may only be removed to federal court if the federal court has jurisdiction over the action at the time the notice of removal is filed. *See generally Pullman Co. v. Jenkins,* 305 U.S.

---

[2] General Star's argument is based on *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.,* 561 F.3d 1294, 1296 (11th Cir. 2009). In that case the Court based remand on a *sua sponte* order. *Sua sponte* means "(w)ithout prompting or suggestion; on its own motion." Black's Law Dictionary (9th ed. 2009). General Star's argument is misplaced because Atlantic did file a motion for remand. Precedent has held that if a party files a motion to remand, that an order to remand is not considered *sua sponte*. *See Velchez v. Carnival Corp.,* 331 F.3d 1207 (11th Cir. 2003)(stating the "dictionary definition of sua sponte does not fit these circumstances" when the court is prompted by a party to remand, "that party wants to go back to state court. The motion establishes that the moving party does not want to acquiesce in the federal forum despite any procedural defects.").

3

534, 59 S. Ct. 347, 83 L. Ed. 334 (1939).  The removing defendant must establish the propriety of removal under 28 U.S.C. § 1441.  *See Friedman v. New York Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.").[3]

There are two types of cases removable under 28 U.S.C. § 1446(b): "(1) those removable on the basis of the initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.'" *See Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1212 (11th Cir. 2007).  In either type of case, "a defendant must remove within thirty days of receiving the document that provides the basis for removal." *Id.*  If the case is not removable on the initial pleading, the thirty day period is triggered when the party receives notice by "a copy of an amended pleading, motion, order or other paper." *Id.* The time limit in 28 U.S.C. § 1446(b) is mandatory and must be strictly applied.

In the Motion to Remand, Atlantic argued that General Star's Notice of Removal was untimely because General Star failed to remove the case within thirty days of receiving a document that provided the basis for removal.  On September 30, 2009, Atlantic filed a motion for sanctions that revealed the estimated amount in controversy.  Paragraph 25 of that motion states:

> 25. The Insurance Company's argument about the excess policy is equally frivolous.  The contract that was breached, as alleged in the complaint, is

---

[3] Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction). *See also Whitt v. Sherman Int'l Corp.,* 147 F.3d 1325, 1333 (11th Cir.1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (uncertainties regarding removal are resolved in favor of remand).

4

> comprised of both the primary and excess policies issued by the same Insurance Company. By its terms, the express policy "will follow the terms, conditions, agreements, definitions, and limitations of the controlling underlying policy, up to the limit in excess of the retained limit." In other words, the excess policy is a continuation of the primary policy and kicks in when the payout of the limits of the underlying policy has been reached. **And as pleaded, approximately $1.5 million in payments and the deductible has been used up out of the $2.5 million limits of the primary policy.** The excess policy will certainly be reached given the magnitude of the outstanding losses which the Insurance Company has not paid.

(ECF No. 11, p. 4) (emphasis added).

General Star also received notice of the amount in controversy on October 22, 2009, when Atlantic filed its Response in Opposition to General Star's Motion to Dismiss. Atlantic's Response in Opposition uses almost identical language in explaining that the amount in controversy was in excess of $75,000.00. This case became removable upon General Star's receipt of a "motion, order or other paper." 28 U.S.C. § 1446(b). At such time, General Star had approximately 30 days to remove this case to federal court. The Notice of Removal, however, was filed 69 days after General Star was served the motion for sanctions and 47 days after it was served Atlantic's response in opposition to the motion to dismiss. Consequently, General Star's Notice of Removal is untimely.

***Waiver of Removal by Litigating in State Court***

"A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1246 (11th Cir. 2004) (citations omitted).[4] It therefore follows that General Star would have waived the right to

---

[4] In order to waive the right to removal in this manner, however, a defendant must proceed in state court despite having notice of its right to remove the case. *Akin v. Ashland Chem. Co.,* 156

removal if, after the right to removal was apparent, it took "clear and unequivocal actions" in state court which manifested an intent to adjudicate there. *Engle v. R.J. Reynolds Tobacco Co.,* 122 F.Supp. 2d 1355, 1360 (S.D. Fla. 2000).

Atlantic argued that General Star litigated the waived its right to removal by filing a Motion to Dismiss in state court. I disagree. "The filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." *Hill v. State Farm Mutual Automobile Ins. Co.,* 72 F.Supp.2d 1353, 1354 (M.D. Fla. 1999). Indeed, "the Federal Rules of Civil Procedure contemplates the filing of a responsive pleading prior to the removal of a case." *Yusefzadeh,* 365 F.3d at 1246. Despite the un-timeliness of the Notice of Removal, General Star's actions did not constitute active participation required to construe waiver.

### IV.  CONCLUSION

For the reasons stated above, I hereby affirm the previous Remand Order. Nothing in General Star's Motion for Reconsideration merits otherwise. Accordingly Defendant's Motion for Reconsideration is **DENIED.**

**DONE AND ORDERED** in Chambers in Miami, Florida, this 20th day of December 2010.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

---

F.3d 1030, 1036 (10th Cir. 1998). A party may waive the right to remove to federal court where, after it is clear that a case is removable, the defendant takes action in state court that manifests its intent to have the matter adjudicated there and to abandon its right to proceed in federal court. *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1240 (9th Cir. 1994).

*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*

7